# UNITED STATES OF AMERICA *v.* UNITED STATES STEEL CORPORATION.

## APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF NEW JERSEY.

No. ——.　Application submitted March 14, 1916.—Decided March 20, 1916.

This case having been commenced, and a large part of the testimony taken, printed and indexed and bound before Equity Rule 75 became operative, and the references to testimony in the opinion of the court below being directed to the testimony as contained in the bound volumes, *held* that the case is an exception to Equity Rule 75 and the testimony in its original form as contained in such printed volumes constitutes part of the record on appeal.

Sixty days' extension of time granted for filing in this court the record made up conformably to these views.

On application for an order extending the time to docket the case and file the record in this court.

*Mr. Assistant to the Attorney General Todd* and *The Solicitor General* for the United States.

*Mr. Richard V. Lindabury* and *Mr. David A. Reed* for United States Steel Corporation.

Mr. Chief Justice White delivered the opinion of the court.

The United States applied to the court below to extend the time for filing the record from March 15, 1916, the existing date, to July 1; to give it time to complete the reduction of the testimony to a narrative form conformably to Equity Rule 75. Equity Rule 75. Record on Appeal—Reduction and Preparation. Promulgated No-

vember 4, 1912, 226 U. S. 629, 671. The defendant opposed the request on the ground that there was doubt as to the possibility of adequately reducing the testimony and on the further ground that it desired the testimony brought up in original shape and because under all the circumstances of the case it should not be governed by Equity Rule 75. The court declined to pass upon, the application but suggested that the parties submit to this court the question whether Equity Rule 75 was under the circumstances imperatively applicable, stating however that it had found great advantage in disposing of the case from having the original testimony before it and was of the opinion that a like advantage would be experienced by this court if the original testimony was brought up. The application before us was then made and is resisted on the grounds which were urged against it below.

The facts are these: The testimony was taken before an examiner and embraces 30 volumes containing 12,151 pages. Of these, 14 volumes or about 5969 pages embrace testimony taken before Equity Rule 75 became operative. By agreement between the parties as the testimony was taken it was printed and bound, and the requisite number of copies of the volumes are on hand to serve as part of the record in this court on the appeal. To facilitate the court below, digests and full indexes were prepared by counsel, and all the references to the testimony made by the court below in its opinion are directed to the testimony as contained in the bound volumes.

Under the facts which we have stated we are of opinion that the case is an exception to Equity Rule 75 and should not be controlled by it, and hence that the testimony in its original form as contained in the volumes already printed should constitute a part of the record on appeal, and therefore there is no reason to grant the request for time based upon the contrary assumption. While this is true, however, in order that there may be ample op-

portunity to file the record made up conformably to the views which we have just stated, the time for filing the record which was extended by this court on March 15 pending this application, will be now extended sixty days from that date.

*And it is so ordered.*